UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JACQUES SAADE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| PENNYMAC LOAN SERVICES, LLC, | * | |
| PENNYMAC MORTGAGE INVESTMENT | * | |
| TRUST HOLDINGS I, LLC, PNMAC | * | |
| MORTGAGE CO. LLC, DEUTSCHE | * | Civil Action No. 15-cv-13611-IT |
| BANK AS TRUSTEE OF PENNYMAC | * | |
| LOAN TRUST 2011-NPL1, MORTGAGE | * | |
| ELECTRONIC REGISTRATION | * | |
| SYSTEMS, INC., CHRISTIANA TRUST, | * | |
| WILMINGTON SAVINGS FUND SOCIETY, | * | |
| FSB, SPECIALIZED LOAN SERVICING, LLC, | * | |
| JENNIFER KIRKWOOD, | * | |
| CITIMORTGAGE, INC., MORTGAGE | * | |
| LENDERS NETWORK, INC., | * | |
| | | |
| Defendants. | | |

MEMORANDUM AND ORDER

October 20, 2016

TALWANI, D.J.

Presently before the court is the Magistrate Judge's Report and Recommendation [#25] that recommends denying Plaintiff Jacques Saade's Motion to Remand [#19] and granting Defendant Jennifer Kirkwood's ("Kirkwood") Motion to Dismiss [#13]. Also before the court is the Magistrate Judge's Report and Recommendation [#26] that recommends granting the Motion to Dismiss [#17] filed by the PennyMac Defendants.[1] For the reasons that follow, the court ADOPTS the Report and

---

[1] PennyMac Defendants refers to PennyMac Loan Services, LLC , PennyMac Mortgage Investment Trust Holdings I, LLC, PNMAC Mortgage Co. LLC, Deutsche Bank as Trustee of PennyMac Loan

1

Recommendation [#25], DENIES the Motion to Remand [#19], and GRANTS Defendant Kirkwood's Motion to Dismiss [#13]. The court defers ruling on Report and Recommendation [#26], and allows Plaintiff additional time to file any objections to the Report and Recommendation [#26] as to PennyMac Defendants' Motion to Dismiss. [#17].

On October 21, 2015, PennyMac Defendants filed a notice of removal, pursuant to 28 U.S.C. §§ 1441 and 1446, to this court of a civil action commenced in the Suffolk Superior Court by pro se Plaintiff Jacques Saade. Kirkwood moved to dismiss the complaint on October 28, 2015 [#13], and the PennyMac Defendants moved to dismiss the complaint on November 10, 2015. [#17]. Shortly thereafter, Plaintiff moved to remand the case to state court based on the apparent lack of diversity between the parties. [#19].[2]

PennyMac Defendants, joined by Kirkwood, oppose Plaintiff's Motion to Remand, on the basis of fraudulent joinder. Defs.' Opp'n Pl's Mot. Remand [#20]; Jennifer Kirkwood Opp'n Pl's Mot. Remand [#21]. Plaintiff did not seek leave to file a reply to Defendants' oppositions to his motion, and has not addressed the fraudulent joinder issue in his response to the Magistrate Judge's Report and Recommendation. See Pl.'s Letter [#28].

"[I]t is generally recognized that, under the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." Universal Truck & Equip. Co. v. Southworth-Milton, Inc.,

---

Trust 2011-NPL1, Mortgage Electronic Registration Systems, Inc., Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as separate trustee for PennyMac Loan Trust 2011-NPL1, Wilmington Savings Fund Society, FSB, and Specialized Loan Servicing, LLC.
[2] Both Plaintiff and Defendant Jennifer Kirkwood are citizens of Massachusetts.

765 F.3d 103, 108 (1st Cir. 2014).

Plaintiff alleges that Kirkwood's violation of the Massachusetts Fair Debt Collection Practices act, Mass. Gen. Laws. ch. 93 § 49, was a per se violation of Mass. Gen. Laws c. 93A. Plaintiff states that a letter sent by Kirkwood, which was sent in response to Plaintiff's c. 93A demand letter, threatened Plaintiff in violation of the Fair Debt Collection Practices Act. Compl. ¶¶ 59-62, 139-143, 226-228 [#1-1]. Plaintiff alleged the same set of operative facts against Kirkwood in a related action in this court, 15-cv-12275-IT. There, over Plaintiff's Opposition [#85] and Objection [#106], the court granted Kirkwood's Motion to Dismiss [#82], on the basis that the complaint failed to allege a cause of action against Kirkwood under both the Massachusetts Fair Debt Collection Practice Act and the federal Fair Debt Collection Practices Act. Here, Plaintiff has also failed to allege a colorable claim against Kirkwood. Kirkwood's letter states that her clients will vigorously defend themselves in any proceeding initiated by Plaintiff. Such a statement does not violate any of the prohibitions listed under the Massachusetts Fair Debt Collection Practices Act.

Furthermore, the letter was sent in response to Plaintiff's demand letter. Mass. Gen. Laws ch. 93A requires a plaintiff to send a demand letter so that a respondent can tender a settlement offer before suit may be filed. Mass. Gen. Laws. ch. 93A, § 9(3); Thorpe v. Mut. of Omaha Ins. Co., 984 F.2d 541, 544 (1st Cir. 1993) (one reason for the demand letter requirement is "to encourage negotiation and settlement."). To impose liability on an attorney for sending a letter in response to a Chapter 93A demand would vitiate the very purpose of demand requirement. For the foregoing reasons, the court finds that there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against Kirkland, and Plaintiff's motion to remand is barred by the doctrine of fraudulent joinder.

Plaintiff asserts that he should be entitled to file an opposition to the motions to dismiss after the

remand issue is decided.  As to Kirkland, no purpose would be served by allowing additional filings. "[A] finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant . . ." Polyplastics, Inc. v. Transconex, Inc., 713 F.3d 875, 877 (1st Cir. 1983).

As to the PennyMac Defendants, the court will allow Plaintiff additional time to file any objections to the Magistrate Judge's Report and Recommendation [#26].  The claims asserted here against the PennyMac Defendants are slightly different than those alleged against the PennyMac Defendants in the related case, and Plaintiff is proceeding pro se.

For the foregoing reasons, the court ADOPTS the Report and Recommendation [#25] of the Magistrate, DENIES Plaintiff's Motion to Remand [#19], and GRANTS Kirkwood's Motion to Dismiss [#13]. The court defers ruling on the Report and Recommendation [#26], and allows Plaintiff 14 days to file any objections to the Magistrate Judge's recommendation that the court grant PennyMac Defendants' Motion to Dismiss [#17].

IT IS SO ORDERED.

Date: October 20, 2016                                              /s/ Indira Talwani
                                                                                  United States District Court