# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JACQUES SAADE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| | * | |
| PENNYMAC LOAN SERVICES, LLC, | * | No. 15-CV-13611-IT |
| PENNYMAC MORTGAGE INVESTMENT | * | |
| TRUST HOLDINGS I, LLC, PNMAC | * | |
| MORTGAGE CO. LLC, DEUTSCHE BANK AS | * | |
| TRUSTEE OF PENNYMAC LOAN TRUST | * | |
| 2011-NPL1, MORTGAGE ELECTRONIC | * | |
| REGISTRATION SYSTEMS, INC., | * | |
| CHRISTIANA TRUST, WILMINGTON | * | |
| SAVINGS FUND SOCIETY, FSB, | * | |
| SPECIALIZED LOAN SERVICING, LLC, | * | |
| JENNIFER KIRKWOOD, | * | |
| CITIMORTGAGE, INC., CITIBANK, | * | |
| CITIGROUP, INC. and MORTGAGE | * | |
| LENDERS NETWORK USA, | * | |
| | * | |
| Defendants. | * | |

## ORDER AND MEMORANDUM

November 23, 2016

TALWANI, D.J.

Pending before this court is the PennyMac Defendants' Motion to Dismiss [#17].[1] The Magistrate Judge to whom the motion was referred issued a Report and Recommendation [#26]

---

[1] The "PennyMac Defendants" refers to PennyMac Loan Services, LLC , PennyMac Mortgage Investment Trust Holdings I, LLC, PNMAC Mortgage Co. LLC, Deutsche Bank as Trustee of PennyMac Loan Trust 2011-NPL1, Mortgage Electronic Registration Systems, Inc., Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as separate trustee for PennyMac Loan Trust 2011-NPL1, Wilmington Savings Fund Society, FSB, and Specialized Loan Servicing, LLC.

recommending that the motion to dismiss be granted. The court afforded Pro Se Plaintiff Jacques Saade additional time, Mem. Or. 2 [#30], and Plaintiff thereafter filed his objections. Pl.'s Statement Pursuant Court Order [#36].

After considering Plaintiff's objections and reviewing the objected to portions of the Report and Recommendation [#26] *de novo*, the court finds the objections without merit. Accordingly, the court ADOPTS the recommendation of the Magistrate Judge.

The Magistrate Judge found that Plaintiff did not have standing to raise certain challenges to the validity of the assignments of the note and mortgage. R&R 12 [#26]. As noted in her report, the First Circuit has held that a mortgagor only has standing to challenge a mortgage assignment that is invalid, ineffective or void. Culhane v. Aurora Loan Services of Nebraska, 708 F.3d 282, 291 (1st Cir. 2013). Here, the complaint does not sufficiently allege facts showing the assignment invalid, ineffective or void.

In his objections, Plaintiff also appears to challenge the validity of any assignment of the mortgage made by MERS. Pl.'s Statement Pursuant Court Order 11 [#36]. But "a mortgage contract that names 'MERS . . . as nominee for [Lender and [Lender's] successors and assigns' does suffice to make MERS the mortgage holder and then authorize MERS to assign the mortgage on behalf of the lender to the lender's successors and assigns." Dyer v. Wells Fargo, __ F.3d __, 2016 WL 6679345, *2 (1st Cir. Nov. 14, 2016). To the extent Plaintiff seeks to challenge the validity of the assignment based on the contractual authority of MERS to assign the mortgage to PennyMac, he has failed to state a claim upon which relief may be granted.

Having reviewed Plaintiff's objections to the Magistrate Judge's Report and Recommendation [#26], the court finds Plaintiff's remaining objections also without merit. The

court therefore ADOPTS the Magistrate Judge's Report and Recommendation [#26]. PennyMac Defendants' Motion to Dismiss [#17] is GRANTED.

   IT IS SO ORDERED.

Date: November 23, 2016                             /s/ Indira Talwani
                                                                   United States District Court